# UNITED STATES DISTRICT COURT
# IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AYLO PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,<br><br>Plaintiff,<br><br>vs.<br><br>POPRAVKIN ANTON and JOHN DOES 1 - 20 d/b/a, FRESHPORNO.NET, PORNHEAL.COM, FRPRN.COM, 3PRN.COM, KOJKA.COM, MOJVA.COM, ONLINEPORNO.CC, and HOMEXVIDEO.COM<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Aylo Premium Ltd (hereinafter referred to as "Plaintiff" or "AYLO") by and through its counsel of record files this Complaint against Defendants Popravkin Anton and Does 1-20, d/b/a freshporno.net, frprn.com, 3prn.com, homexvideo.com, kojka.com, mojva.com, onlineporno.cc, and pornheal.com (collectively hereinafter referred to as "Defendant" or "Defendants").

## **PRELIMINARY STATEMENT**

1. AYLO is among the world's leading premium adult entertainment content providers. By this lawsuit, AYLO seeks to protect thousands of its over 41,000 registered, copyrighted audiovisual works from blatant infringement by Defendants.

2. The conduct giving rise to this lawsuit is egregious and willful. Defendants own and operate websites trafficking tens of thousands of pirated works, including at least 9,006 registered works owned by AYLO. None of the infringing content is 'user-generated' or 'third-party' uploads. Defendants are not 'service providers' under Section 512 of the Digital Millennium Copyright Act (DMCA) (17 U.S.C. § 512) and are therefore ineligible for safe harbor protections. Moreover, they systematically refuse to comply with proper DMCA takedown notices and fail to meet their obligations under the DMCA.

3. Defendants' actions are causing significant harm to AYLO's business, necessitating immediate intervention. As Defendants have refused to cease their conduct, AYLO seeks injunctive relief and substantial damages from this Court.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

5. This Court has subject matter jurisdiction over AYLO's claims for copyright infringement and violation of the Digital Millennium Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Defendants Popravkin Anton and Does 1-20 are currently unknown individual(s) and/or entity(ies) that own and operate at least eight websites, located at the uniform resource locators ("URLs") freshporno.net ("Freshporno"), pornheal.com ("Pornheal"), frprn.com ("Frprn"), 3prn.com ("3prn"), kojka.com ("Kojka"), mojva.com ("Mojva"), onlineporno.cc ("Onlineporno"), and homexvideo.com ("HomeXVideo"), collectively (the "Popravkin Network" or "Websites").

7. Defendants Popravkin Anton and Does 1-20 operate the Popravkin Network in concert, acting together, to facilitate copyright infringement as alleged herein. Through this network, Defendants knowingly and purposefully market to and target the United States, including residents of this District.

8. By submitting DMCA Counter Notices to Google, Defendants explicitly consented to U.S. jurisdiction and service of process, as required under 17 U.S.C. § 512(g)(3).[1]

9. Defendant Popravkin Anton has registered as a Service Provider with the United States Copyright Office and has listed a US-based Designated Copyright Agent to receive takedown notices. Each of the Websites at issue in this case has been listed as an "Alternate Name" on the U.S. Copyright Office's DMCA Designated Agent Directory.[2]

10. Based on website analysis overview reports prepared by Similarweb.com, an industry-trusted website analytics company, dated December 16, 2024 (the "Popravkin Network SimilarWeb Reports"), for the one month ending November 2024, visitors from the United States accounted for over 3.59 million users per month. Moreover, more than 60% of the social media traffic to the Popravkin Network originated from U.S.-based platforms, including YouTube, Reddit, X (formerly Twitter), Instagram, and Facebook.

11. Defendants use DNC Holdings, Inc., doing business as Directnic, LLC (directnic.com), an ICANN-accredited registrar incorporated in Delaware with its principal office in River Ridge, Louisiana, as the domain registrar for the Popravkin Network. Defendants utilize Directnic's U.S.-based privacy services for each URL in the Popravkin Network, thereby concealing their identities.[3]

12. Websites in the Popravkin Network display a DMCA Page that cites *its obligations, policies, and procedures to adhere to 17 U.S.C. §512 of the Digital Millenium Copyright Act.*[4]

13. Websites in the Popravkin Network display a 2257 Page that cites *18 U.S.C. § 2257 Record-keeping requirements*.[5]

---

[1] Attached hereto as Exhibit A are true and correct copies of the DMCA Counter Notices submitted to Google, LLC.

[2] Attached hereto as Exhibit B are true and correct copies of the Service Provider/Designated Information posted in the US Copyright Office DMCA Designated Agent Directory.

[3] Attached hereto as Exhibit C are true and correct copies of the WHOIS information for each Popravkin Network Website displaying DNC Holdings, Inc. as the Registrar and privacy services company.

[4] Attached hereto as Exhibit D are true and correct copies of the DMCA Pages from Popravkin Network Websites.

[5] Attached hereto as Exhibit E are true and correct copies of 2257 Pages from Popravkin Network Websites.

14. The Privacy Policy Page of Pornheal cites, "Your California privacy rights" and specifically cites California Civil Code Section 1798.83 of the California Civil Code.[6]

15. The Terms of Service pages on Defendants' websites homexvideo, frprn, and 3prn cite 28 C.F.R 75. 28 CFR Part 75, The Child Protection and Obscenity Enforcement Act Regulations.[7]

16. Defendants buy website traffic to their Websites including from the United States.[8]

17. Defendants deliberately target the United States market by using U.S.-based vendors for domain name servers, advertising, and other services, and by citing U.S. laws. Upon information and belief, Defendants transact business in this Judicial District through their interactive websites, offering infringing content to U.S. and Washington residents, who have engaged in acts of infringement in this District.

18. This Court has personal jurisdiction over Defendants, as their business activities and tortious acts are directed at this District, making them amenable to service of process under the state Long-Arm Statute and Fed. R. Civ. P. 4(e). Additionally, any alien defendant is subject to jurisdiction in any district under 28 U.S.C. § 1391 ('An alien may be sued in any district') and Fed. R. Civ. P. 4(k)(2).

19. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1338, and venue is proper under 28 U.S.C. §§ 1391(b), (c), and/or (d) and 28 U.S.C. § 1400(a).

## PARTIES

20. AYLO Premium Ltd (formerly named MG Premium Ltd) is, and at all relevant times was, a private limited liability company organized under the laws of the Republic of Cyprus with its head office at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial Zone, Cyprus 2540. AYLO is the holder of the copyrights associated with many well-known brands of adult content, including "Reality Kings", "Brazzers", "MOFOS", "Babes.com", and "Twistys" among others.

---

[6] Attached hereto as Exhibit F is a true and correct copy of the Privacy Policy Page from the Pornheal Website.

[7] Attached hereto as Exhibit G are true and correct copies of the Terms of Service pages from the Homexvideo, Frprn, and 3prn Websites.

[8] Attached hereto as Exhibit H is a true and correct copy of a Webmaster Page from the 3prn and Fprn Website.

21. AYLO owns and distributes one of the world's largest portfolios of premium adult-oriented audiovisual content and routinely registers its copyrights with the U.S. Copyright Office.

22. AYLO owns over 41,000 registered copyrights to legal adult videos.[9]

23. A schedule of the AYLO copyrighted works at issue in this case thus far, which have been registered with the U.S. Copyright Office, is attached hereto as Exhibit I (the "Subject Works").[10]

24. The vast majority of the Subject Works were registered within five years of publication, so the information stated on the registrations is presumed true.

25. AYLO licenses its content for valuable consideration, including for display on various adult entertainment websites. AYLO has never authorized or consented to Defendants to use their copyrighted works in the manner displayed or exploited by Defendants and as complained herein.

26. Upon information and belief, Defendants own and operate freshporno.net, frprn.com, 3prn.com, homexvideo.com, kojka.com, mojva.com, onlineporno.cc, and pornheal.com websites collectively (the "Popravkin Network" or "Websites").

27. Upon information and belief, the websites in the Popravkin Network are registered in the United States, and each is available in the United States with the full intention of broadcasting, distributing, or making available content in the United States and earning money from the United States market. It is currently unknown where the owners and operators are located.

28. Defendants Popravkin Anton and Does 1 through 20 are the owners, operators, shareholder executives, and affiliates of the Popravkin Network. AYLO is unaware of the true names or capacities of Does 1 through 20. AYLO is informed and believes, and on that basis alleges, that Does 1 through 20 either (a) directly performed the acts alleged herein, (b) were acting as the agents, principals, alter egos, employees, or representatives of the owners and operators of the Websites, and/or (c) otherwise participated in the acts alleged herein with the owners and operators of the Websites. Accordingly, Does 1 through 20 each are liable for all the acts alleged herein because they

---

[9] To illustrate the scale of Plaintiff's registered library of over 41,000 movies, consider that over its 50-year history, the MPAA's, "…rating board is fast approaching an impressive 30,000 films rated since 1968…" Source: https://50th.filmratings.com/core/ Last Visited January 23, 2025.

[10] Attached hereto as Exhibit J are 30 examples of the 9,006 copyright registration certificates for the Subject Works pertinent to this case.

were the cause in fact, and proximate cause of all injuries suffered by AYLO as alleged herein. AYLO will amend the complaint to state the true names of Does 1 through 20 when their identities are discovered.

## STATEMENT OF FACTS

29. The Popravkin Network is a group of pirate websites, displaying copyrighted adult entertainment content without authorization or license.

30. All video and image content on the Popravkin Network is uploaded exclusively by its owners and operators; third parties cannot upload content.

31. The scheme to monetize the unlawful copyright infringement on the Popravkin Network is predominately from advertising banners.

32. In addition to static banner advertisements, users viewing videos on the Popravkin Network will periodically be shown pop-up advertisements. A "pop-up" advertisement is just that: an advertisement that seemingly randomly appears on the user's screen.

33. Certain pop-up and banner advertisements on the Popravkin Network are geo-targeted, allowing its operators to determine the general location of each user and display advertisements tailored to that specific locale, including this District.[11]

34. Videos on the websites in the Popravkin Network may be shared on other websites outside of the Popravkin Network. On Freshporno, Frprn, Homexvideo, 3prn, Kojka, and Mojva websites, the user is provided with direct links for downloading the infringing work, and/or posting, or embedding on or to any website or social site including, but not limited to, Pinterest, Telegram, Facebook, Twitter, Google or via email to anyone. This functionality makes it impossible to accurately determine how many times and where AYLO's copyrighted videos have been illegally posted and displayed as a direct result of Defendant's unlawful actions.

35. The Popravkin Network does not meet the conditions required to qualify for the DMCA's safe harbor provisions. Defendants fail to honor takedown notices and, on information and belief, upload the infringing material themselves, acting as the sole infringers on the network.

---

[11] Attached hereto as Exhibit K are true and correct copies of geotargeted advertisements from 3prn and Fprn Website.

36. Defendants also fail to implement and enforce a repeat infringer policy as required under 17 U.S.C. § 512(i). To qualify for safe harbor protections, service providers must adopt and reasonably implement policies for terminating access to their services by users who repeatedly infringe copyrighted material. Defendants' refusal to remove infringing content, even after receiving thousands of DMCA-compliant takedown notices, demonstrates their lack of such a policy. This failure disqualifies Defendants from the safe harbor provisions of the DMCA.

37. AYLO's agents routinely monitor websites for infringement and discovered that many of AYLO's copyrighted works were made available in full on the Popravkin Network, offered to the public for free without license or authorization from AYLO.

38. AYLO identified at least 9,006 of Plaintiff's registered copyrighted works displayed across 27,105 URLs on the Popravkin Network, as detailed in Exhibit L, attached hereto. Defendants have no legal authority to exploit or distribute these works in the manner complained herein.

39. AYLO has made significant efforts to remove its copyrighted content from the Popravkin Network under 17 U.S.C. § 512(c), sending 10,739 DMCA-compliant takedown notices directly to the network. Additionally, AYLO (as MG Premium Ltd) submitted 10,734 DMCA-compliant takedown notices to Google, LLC to remove infringing links from Google.com search results, an effort it frequently undertakes to address indexed links to infringing content.[12] [13]

40. Despite this, Defendants failed to act and remained noncompliant with DMCA requirements. Popravkin Anton, as a registered Service Provider with a U.S.-based Copyright Agent, has listed the infringing websites in the U.S. Copyright Office's DMCA Designated Agent Directory (see Exhibit B).

41. At various times and dates, DMCA takedown notices were sent to both the DMCA Registered Copyright Agent and the DMCA Agent email address identified on the DMCA Pages for each website in the Popravkin Network. As of the date of this complaint, DMCA-compliant takedown

---

[12] Attached hereto as Exhibit M, we provide copies of communications with Popravkin Network US Registered Agent and one example of the Takedown Notices dispatched to DMCA Contacts as listed on the DMCA Pages of the Websites.

[13] AYLO Premium Ltd, formerly MG Premium Ltd, has filed 967,224,858 requests to remove links to infringing uses of its content from Google.com, making it the world's top copyright owner by removal requests. The BPI (British Recorded Music Industry) Ltd. ranks second with 628,720,473 requests. Source: Google Transparency Report, https://transparencyreport.google.com/copyright/overview?browse_copyright=ce:owner;size=6&lu=browse_copyright, last visited January 23, 2025.

notices identifying all of the URLs listed in Exhibit L were sent to the address provided on the DMCA Pages for the Websites and the URLs remained active.

42. Defendants have engaged in ongoing gamesmanship to evade compliance. One example is that despite AYLO's Agent sending multiple DMCA takedown notices to the Defendants' Registered Copyright Agent, DMCA Now LLC ("DMCA Now"), and following their removal instructions, the infringing content on Freshporno was never removed. After five attempts, DMCA Now claimed it no longer represented Freshporno and provided alternate contact information, which also failed to resolve the issue. Additionally, Defendants inconsistently listed DMCA Now's email and other addresses on their websites, differing from those in the U.S. Copyright Office DMCA Designated Agent Directory. Based on information and belief, DMCA Now LLC remains listed as the Registered Designated Copyright Agent for five of Defendants' URLs, including homexvideo, kojka, mojva, onlineporno, and pornheal, as of the date of this complaint (see Exhibit B).

43. Based on information and belief, once Defendants learned of the takedown notices received by its Copyright Agent from AYLO's Agent, Defendant swiftly changed its filing with the U.S. Copyright Office in an attempt to avoid liability in U.S. Court.

44. Based on information and belief, the address that Popravkin Anton provided to the U.S. Copyright Office is not a real physical address.

45. None of AYLO's DMCA takedown notices bounced back as undelivered. The Defendant Copyright Agent acknowledged receipt of those takedown notices that it had received.

46. Upon information and belief, Defendants have actual knowledge and clear notice of the infringement of Plaintiff's titles. Defendants possess constructive knowledge and notice of infringement. The infringement is unmistakable even to a casual observer. Plaintiff's copyrighted works are readily accessible on the Popravkin Network Websites, facilitated by Defendant Popravkin and Doe Defendants' coordinated efforts. Use of Plaintiff's and other major producers' trademarks to index infringing material for easier search and identification further indicates clear knowledge and intent.

47. By virtue of the conduct alleged herein, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement, and thereby have infringed, secondarily infringed, and induced infringement by others, the copyrights in Plaintiff's copyrighted work.

48. Defendants, either jointly, severally, actually, constructively, and with or without direct concert with one another, deprived Plaintiff of the lawful monetary rewards that accompany its rights in the copyrighted works. Defendants' disregard for copyright threatens Plaintiff's business.

49. Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable precautions to deter rampant copyright infringement on their websites.

50. Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient means to prevent continued and unabated infringement.

### FIRST CAUSE OF ACTION

### Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.*

### Against All Defendants

51. AYLO repeats, re-alleges, and incorporates by reference each preceding allegation set forth herein and further states that:

52. AYLO is the owner of valid and registered copyrights in the Subject Works.

53. AYLO registered each copyright with the United States Copyright Office.

54. Defendants have infringed, and are continuing to infringe AYLO copyrights by uploading, reproducing, adapting, distributing, publicly performing, and/or publicly displaying and authorizing others to reproduce, adapt, distribute, publicly perform, and/or publicly display copyrighted portions and elements of the Subject Works, and/or the Subject Works in their entireties, without authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

55. Defendants did not have authority or license to copy and/or display the Subject Works.

56. AYLO has never authorized or given consent to Defendants to use the Subject Works in the manner displayed and exploited by Defendants.

57. Defendants knew or reasonably should have known they did not have permission to exploit the Subject Works on the Popravkin Network Websites and further knew or should have known their acts constituted copyright infringement.

58. Defendants' acts of infringement are willful, in disregard of, and with indifference to the manner displayed and exploited by Plaintiff.

59. Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiff's copyrighted works.

60. The quantity and quality of copyright files available to users increased the attractiveness of Defendants' service to its customers, increased its user base, and increased its ad sales revenue.

61. Based on information and belief, Defendants actively uploaded pirated copyrighted files, enabling users of the Popravkin Network to view copyrighted videos and images for free.

62. Defendants controlled the files owned by AYLO and determined which files remained for display and distribution.

63. Defendants never implemented or enforced a "repeat infringer" policy.

64. Defendants ignore DMCA takedown notices sent by Plaintiff to Defendants.

65. Defendants controlled the files owned by Plaintiff and determined which files remained for display and distribution.

66. Defendants either were aware, actually or constructively, should have been aware, or were willfully blind that pirated copyrighted materials comprised the most popular videos on the Defendants' websites.

67. Defendants, through the Popravkin Network, affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

68. Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, *et seq.* At a minimum, Defendants acted with willful blindness and reckless disregard of AYLO's registered copyrights.

69. Because of their wrongful conduct Defendants are liable to AYLO for copyright infringement. See 17 U.S.C. §501. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

70. The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, the law permits Plaintiff to recover statutory damages. 17 U.S.C. §504(c).

71. Because of the Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c) (2).

72. The law permits Plaintiff injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding all infringing materials. 17 U.S.C. §503.

73. Because of the Defendants' acts and conduct, AYLO has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe AYLO's rights in the Subject Works. AYLO is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## SECOND CAUSE OF ACTION

### Contributory Copyright Infringement

### Against All Defendants

74. AYLO repeats, re-alleges, and incorporates by reference each preceding allegation set forth herein and further states that:

75. Unknown individuals, without authorization, reproduced and distributed Plaintiff's works through Defendants' websites, directly infringing Plaintiff's copyrighted works.

76. Defendants contributed to the infringing acts of those individuals.

77. Defendants were aware, should have been aware, or were willfully blind to the infringing activity.

78. Defendants aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiff's copyrighted works through Defendants' Websites without regard to copyright ownership.

79. Defendants had the ability and obligation to control and stop the infringements. Defendants failed to do so.

80. Defendants have engaged in the business of knowingly inducing, causing, and/or materially contributing to unauthorized reproduction, adaptation, public display and/or distribution of copies of Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

81. Defendants received direct financial benefits from the infringements.

82. On information and belief, Defendants' actions constitute contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

83. The unauthorized reproduction, distribution, and public display of Plaintiff's copyrighted works that Defendant enables, causes, materially contributes to and encourages through the acts described above are without Plaintiff's consent and are not otherwise permissible under the Copyright Act.

84. The acts of infringement by Defendants have been willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

85. As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

86. Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

87. Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## THIRD CAUSE OF ACTION

### Vicarious Copyright Infringement

### Against All Defendants

88. AYLO repeats, re-alleges, and incorporates by reference each preceding allegation set forth herein and further states that:

89. Without authorization, individuals reproduced, distributed, and publicly displayed Plaintiff's works through Defendants' Websites, directly infringing Plaintiff's copyrighted works.

90. Defendants were actually or constructively aware or should have been aware or were willfully blind to the infringing activity.

91. Defendants were able to control or completely end the illegal and improper infringement but failed to do so.

92. Defendants contributed materially to the infringement.

93. Defendants received direct financial gain and profit from those infringing activities.

94. The acts, omissions, and conduct of all Defendants constitute vicarious copyright infringement.

95. The acts of infringement by Defendants have been willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiff's rights. As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to their actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

96. Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

97. Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## FOURTH CAUSE OF ACTION

### Inducement of Copyright Infringement

### Against All Defendants

98. AYLO repeats, re-alleges, and incorporates by reference each preceding allegation set forth herein and further states that:

99. Defendants designed and/or distributed technology and/or devices and/or induced individuals to use this technology to promote the use of infringed and copyrighted material. As a direct and proximate result of the Defendants' inducement, individuals infringed AYLO's copyrighted works. These individuals reproduced, distributed, and publicly disseminated AYLO's copyrighted works through the Defendants' Websites.

100. On information and belief, Defendants have participated in the illegal uploading and encouraged the illegal downloading and/or viewing of AYLO's copyrighted works, thus inducing the unauthorized reproduction, adaptation, public display, and/or distribution of copies of AYLO's copyrighted works, and thus to the direct infringement of AYLO's copyrighted works.

101. Defendants' actions constitute inducing copyright infringement of AYLO's copyrights and exclusive rights under copyright in AYLO's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

102. The infringement of AYLO's rights in and to each of the AYLO copyrighted works constituted a separate and distinct infringement.

103. The acts of infringement by Defendants have been willful, intentional, purposeful, and in reckless disregard of and with indifference to AYLO's rights.

104. As a direct and proximate result of the infringements by Defendants of AYLO's copyrights and exclusive rights under copyright in AYLO's copyrighted works, AYLO is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

105. Alternatively, AYLO is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

106. AYLO is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

107. Because of the Defendants' acts and conduct, AYLO has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe AYLO's rights in the Subject Works. AYLO is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Aylo Premium Ltd prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award Aylo Premium Ltd relief including, but not limited to, an Order:

A. Preliminarily and permanently enjoining Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons acting in concert or participation with any of them, or under their direction or control, from any of the following activities:

(1) Hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting or making any use of any of AYLO's copyrighted works, including the Subject Works, or any portion(s) thereof in any form;

(2) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party (i) to host, link to, distribute, reproduce, copy, download, upload, make available for download, index, display, exhibit, publicly perform, communicate to the public, stream, transmit, or otherwise exploit or make any use of AYLO's copyrighted works, including the Subject Works, or portion(s) thereof; or (ii) to make available any of AYLO's copyrighted works, including the Subject Works, for hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or other exploitation or use;

(3) Using, operating, maintaining, distributing, or supporting any computer server, website, software, domain name, email address, social media account, bank account, or payment processing system in connection with the hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or other exploitation or use of any of AYLO's copyrighted works, including the Subject Works;

(4) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party to visit any website, including but not limited to any website operated by Defendants, that hosts, links to, distributes, reproduces, copies, downloads, uploads, makes available for download, indexes, displays, exhibits, publicly performs, communicates to the public, streams, transmits, or otherwise exploits or makes any use of AYLO's copyrighted works, including the Subject Works, or portion(s) thereof;

(5) Transferring or performing any function that results in the transfer of the registration of the domain names freshporno.net, frprn.com, 3prn.com, homexvideo.com, kojka.com, mojva.com, onlineporno.cc, and pornheal.com to any other registrant or registrar; and

(6) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in this Paragraph.

B.     Requiring Defendants and their officers, servants, employees, agents, and any persons who are, or on notice and upon continued provision of services would be, in active concert or participation with them, including but not limited to the domain name registrars and registries administering, holding, listing, or otherwise having control over the domain names freshporno.net, frprn.com, 3prn.com, homexvideo.com, kojka.com, mojva.com, onlineporno.cc, and pornheal.com, or any other domain name used in conjunction with Defendant's infringing activities, to transfer such domain name to AYLO's ownership and control, including, *inter alia*, by changing the registrar of record to the registrar of AYLO's choosing, unless AYLO requests that such domain name be held and/or released rather than transferred.

C.     Requiring Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons or entity or entities acting in concert or participation with any of them, or under their direction or control, including any internet search engines, web hosting and Internet service providers, domain name registrars, domain name registries and other service or software providers, within five (5) business days from the issuance of this Order:

(1)     To block or attempt to block access by United States users of the freshporno.net, frprn.com, 3prn.com, homexvideo.com, kojka.com, mojva.com, onlineporno.cc, and pornheal.com Websites by blocking or attempting to block access to all domains, subdomains, URLs, and/or IP Addresses that has as its sole or predominant purpose to enable to facilitate access to freshporno.net, frprn.com, 3prn.com, homexvideo.com, kojka.com, mojva.com, onlineporno.cc, and pornheal.com Websites;

(2)     To re-route all domains, subdomains, URLs, and/or IP Addresses that provide access to each and every URL available from each of the freshporno.net, frprn.com, 3prn.com, homexvideo.com, kojka.com, mojva.com, onlineporno.cc, and pornheal.com websites and their domains and subdomains.

D.     That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

  E. That Plaintiff be awarded statutory damages in an amount to be determined at trial for all infringing activities, or actual damages including Plaintiff's damages and lost profits, Defendants' profit, at Plaintiff's choice;

  F. That Defendants be ordered to account to Plaintiff for all profits, gains, and advantages that they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

  G. That Plaintiff be awarded enhanced damages and attorney's fees;

  H. That Plaintiff be awarded pre-judgment and post-judgment interest;

  I. That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

  J. That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: February 4, 2025

**FREEMAN LAW FIRM, INC.**

By  /s/ *Spencer D. Freeman*

Spencer D. Freeman, WSBA No. 25069
1107 ½ Tacoma Avenue South
Tacoma, Washington 98042
253-383-4500
253-383-45101 (fax)
sfreeman@freemanlawfirm.org
*Counsel for Plaintiff AYLO Premium Ltd*

**ETHAN JACOBS LAW CORPORATION**

By /s/ Ethan Jacobs

Ethan Jacobs (*pro hac vice forthcoming*)
100 Pine Street, Suite 1250
San Francisco, California 94111
415-275-0845
ethan@ejacobslaw.com
*Counsel for Plaintiff AYLO Premium Ltd*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF- 18

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)