UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AYLO PREMIUM LTD, | CASE NO. C25-5094-KKE |
| Plaintiff(s), | ORDER GRANTING MOTION FOR |
| v. | DEFAULT JUDGMENT |
| POPRAVKIN ANTON, et al., | |
| Defendant(s). | |

Plaintiff is an adult entertainment content provider.  Dkt. No. 1 ¶ 1.  Plaintiff filed this action in February 2025, alleging that Defendant Popravkin Anton owns and operate websites trafficking thousands of pirated works owned by Plaintiff.  *Id*. ¶ 2.  Anton has not appeared or otherwise defended this action, and the Court entered an order of default against him.  Dkt. No. 23.

In this action, Plaintiff seeks injunctive relief, damages, attorney's fees, and costs.  Dkt. No. 1 at 14–17.  Plaintiff now requests entry of default judgment against Anton.  Dkt. No. 24.  For the following reasons, the Court will grant Plaintiff's motion.

### I.      ANALYSIS

**A.      The Court Has Jurisdiction Over the Subject Matter and the Parties.**

Before entering default judgment, the Court must confirm that it has both subject matter and personal jurisdiction.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 1

judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.”).

       *1.     The Court Has Subject Matter Jurisdiction Over Plaintiff's Copyright Infringement Claim.*

The Court has federal question jurisdiction over Plaintiff's claim for copyright infringement. *See* Dkt. No. 1 ¶ 19.

       *2.     The Court Has Personal Jurisdiction Over Anton.*

The Court also has personal jurisdiction over Anton because, as alleged in the complaint, he operates websites directed at the United States, offering infringing content to United States and Washington residents. Dkt. No. 1 ¶¶ 17–18.

**B.     Legal Standards on a Motion for Default Judgment**

The Court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court "ordinarily disfavor[s]" default judgment because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In considering a motion for default judgment, the Court accepts "the well-pleaded factual allegations" as true, but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (cleaned up).

When considering whether to exercise its discretion to enter a default judgment, the Court may consider the following *Eitel* factors:

(1) the possibility of prejudice to the plaintiff,
(2) the merits of plaintiff's substantive claim,
(3) the sufficiency of the complaint,
(4) the sum of money at stake in the action;
(5) the possibility of a dispute concerning material facts;
(6) whether the default was due to excusable neglect, and
(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

The Western District of Washington also requires a party seeking default judgment to provide "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." Local Civil Rules W.D. Wash. LCR 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**C.    Plaintiff Is Entitled to Default Judgment Against Anton.**

The Court applies the *Eitel* factors to this case and finds that, on balance, they favor a default judgment on Plaintiff's claims.

*1.    Possibility of Prejudice to Plaintiff*

For the first *Eitel* factor, the Court analyzes the possibility of prejudice to Plaintiff. Prejudice exists when "the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (cleaned up).

In this case, Anton has failed to respond to or otherwise defend against Plaintiff's complaint. Without a default judgment, Plaintiff would have no recourse. Therefore, the Court finds the first *Eitel* factor favors a default judgment.

*2.    Sufficiency and Merits of Plaintiffs' Complaint*

The Court analyzes the second and third *Eitel* factors—the merits of Plaintiff's substantive claim and the sufficiency of the complaint—together. *See, e.g.*, *Curtis*, 33 F. Supp. 3d at 1211. For the following reasons, the Court finds that Plaintiff has alleged facts in its complaint showing that Anton is liable on the copyright infringement claim.[1]

---

[1] Plaintiff's complaint lists four causes of action, but Plaintiff requests default judgment on only one claim (copyright infringement). *Compare* Dkt. No. 1 *with* Dkt. No. 24.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 3

As noted above, Plaintiff's complaint brings a claim for copyright infringement (Dkt. No. 1 ¶¶ 51–73), which has two elements: (1) plaintiff's ownership of a valid copyright in the allegedly infringed work, and (2) defendant's copying of protected aspects of the work. *See Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020).

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has sufficiently stated claims for copyright infringement against Anton. Plaintiff owns copyrights in works that were copied or displayed by Anton's websites without Plaintiff's authorization or consent. Dkt. No. 1 ¶¶ 54–56. Therefore, the Court finds the second and third *Eitel* factors favor entry of default judgment.

### 3. The Sum of Money at Stake

For the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). The Court also assesses whether the amount of monetary damage requested is proportional to the harm caused by the defendant. *See Curtis*, 33 F. Supp. 3d at 1212.

In this case, Plaintiff seeks an award of $15,000 in statutory damages per work infringed, although it could have requested significantly more. *See* Dkt. No. 24 at 5. The amount Plaintiff seeks to recover is within the parameters of the Copyright Act, 17 U.S.C. § 504(c)(1). The Court finds that this factor therefore favors entry of a default judgment.

### 4. Possibility of Dispute over Material Facts

For the fifth *Eitel* factor, the Court considers the possibility of a dispute concerning material facts. *Eitel*, 782 F.2d at 1471–72. Upon default, a plaintiff's factual allegations in the complaint will be taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Because Anton failed to appear or otherwise respond, he has failed to rebut Plaintiff's allegations or

evidence provided to support its claim.  Therefore, given that no dispute of material facts is apparent, the Court finds that the fifth *Eitel* factor favors entry of a default judgment.

        *5.        Possibility of Excusable Neglect*

For the sixth *Eitel* factor, the Court assesses whether the defendant's default was due to excusable neglect.  Here, Plaintiff has submitted evidence that Anton was provided notice of this lawsuit, and yet he made no apparent effort to respond by the deadline.  Dkt. Nos. 20, 21.  The Court finds that the sixth *Eitel* factor favors entry of a default judgment.  *See Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010).

        *6.        Policy in Favor of Decision on the Merits*

For the seventh *Eitel* factor, the Court addresses the strong policy preference in favor of resolution of Plaintiff's claims on the merits.  *See Eitel*, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible.").  However, a defendant's "failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177.

Thus, although the Court's preference for resolving issues on their merits weighs against entry of a default judgment, this factor is outweighed by the other *Eitel* factors, as summarized here.  Accordingly, the Court finds that Plaintiff's motion for default judgment should be granted.

**D.      Plaintiff Is Entitled to Statutory Damages, Attorney's Fees, and Costs.**

Having found that Plaintiff is entitled to entry of default judgment, the Court now turns to consider the relief requested.

        *1.        Statutory Damages*

The Copyright Act authorizes an award of statutory damages "in a sum of not less than $750 or more than $30,000" per work infringed, in lieu of actual damages and the defendant's profits.  17 U.S.C. § 504(c)(1).  "In a case where the copyright owner sustains the burden of

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 5

proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

Plaintiff argues that Anton's infringement was willful because Plaintiff sent him more than 10,000 takedown notices to inform him that he was infringing Plaintiff's copyrights, yet he ignored them. Dkt. No. 1 ¶¶ 39–40, Dkt. No. 26 ¶ 14. Plaintiff's complaint also alleges that Anton's infringement was willful, and that Anton infringed at least 9,006 works. Dkt. No. 1 ¶¶ 2, 58. Plaintiff requests an award of $15,000 per work infringed, which totals $135,090,000. Dkt. No. 24 at 13.

The Court finds that Anton's infringement was willful, as was alleged in the complaint. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (explaining that in the default judgment context, "all factual allegations in the complaint are deemed true, including the allegation of [defendant's] willful infringement of [plaintiff's] trademarks").

The Court now turns to determine the appropriate amount of statutory damages. "The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the [Copyright Act's] specified maxima and minima." *Harris v. Emus Records Corp.,* 734 F.2d 1329, 1335 (9th Cir. 1984). "Statutory damages are particularly appropriate in a case ... in which [a] defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003). "Because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant.'" *L.A. News Serv. v. Reuters Television Int'l., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (quoting *Harris,* 734 F.2d at 1335).

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 6

Here, Plaintiff acknowledges that "[i]t is impossible to calculate the exact loss resulting from a piracy operation like" Anton's, but states that if each of the approximately 3.59 million monthly visitors to Anton's websites represents a potential lost subscription to Plaintiff, the estimated lost revenue to Plaintiff would amount to approximately $36,474,400 per month. Dkt. No. 24 at 8. Plaintiff concedes that not all of those monthly visitors would necessarily have subscribed, but argues that this calculation nonetheless "reflects the value of what [Anton] unlawfully provided for free." *Id*. Plaintiff emphasizes that Anton's websites "generate substantial internet traffic" (Dkt. No. 24 at 8) but does not estimate his profits from the infringing activity. *See also* Dkt. No. 1 ¶ 31 ("The scheme to monetize the unlawful copyright infringement on [Anton's websites] is predominately from advertising banners.").

Although Plaintiff requests damages of $15,000 per infringed work, the Court exercises its discretion to award $10,000 per infringed work—for a total award of $90,060,000.00 in statutory damages—which is in line with awards in similar cases. *See, e.g.*, *Aylo Premium Ltd v. Does 1–20*, No. 25-CV-5473 BHS, 2025 WL 3677487, at *1 (W.D. Wash. Dec. 18, 2025) (awarding $5,000 per infringed work of adult entertainment, although plaintiff requested $15,000 per work, because it overestimated its revenue loss); *Mg Premium Ltd. v. Hoi*, No. 2:23-cv-00349-CBM-PVCx, 2023 WL 8895698, at *5 (C.D. Cal. Nov. 6, 2023) (awarding $15,000 per infringed work of adult entertainment). Because Plaintiff has not presented persuasive evidence to support its $15,000 valuation of each infringed work, the Court declines to assume that the full amount requested is appropriate. *See, e.g.*, *Morrow v. Stay Winning Boutique LLC*, No. 2:23-cv-2167 WBS AC, 2025 WL 653792, at *4 (E.D. Cal. Feb. 28, 2025) (awarding only the statutory minimum because plaintiff failed to present evidence on its lost profits or defendant's profits based on infringement). The amount awarded will nonetheless discourage wrongful conduct and uphold the integrity of copyright laws.

2.      *Attorney's Fees and Costs*

The Copyright Act authorizes a court, in its discretion, to grant a prevailing party an award of attorney's fees and costs.  17 U.S.C. § 505.  In exercising this discretion, a court may consider a number of factors, including "the need in particular circumstances to advance considerations of compensation and deterrence."  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).

Here, Plaintiff requests an award of fees and costs as the prevailing party.  Dkt. No. 24 at 17–18.  The Court agrees that an award of fees and costs is appropriate here, and finds that the amounts requested by Plaintiff are reasonable.  The declaration submitted by Plaintiff's counsel reflects necessary hours expended at rates commensurate with counsel's experience, totaling $19,360.00.  *See* Dkt. No. 27.  *See, e.g.*, *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (explaining that a court determines a reasonable fee award by first calculating the lodestar, which represents the product of a reasonable number of hours expended and a reasonable hourly rate).  In addition, the costs award requested ($990.00) reflects expenses necessary to this litigation.  Dkt. No. 27 ¶¶ 6–7.

Therefore, the Court will award Plaintiff $90,060,000.00 in statutory damages, $19,360.00 in attorney's fees, and $990.00 in costs.

**E.      Plaintiff Is Entitled to Injunctive Relief.**

Plaintiff requests an injunction restraining Anton and those affiliated with him from

a. manufacturing, distributing, marketing, advertising, promoting, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, or sell any products, works, or other materials that include, copy, are derived from, or otherwise embody any copyrighted work of Aylo Premium Ltd;

b. reproducing, distributing, performing, or publicly displaying any copyrighted work of Aylo Premium, Ltd., creating any derivative works based on those works, or engaging in any activity that infringes Plaintiff's rights in those works; and

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 8

c. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

Dkt. No. 24-1 at 4.

"Any court … may … grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C § 502(a). To obtain such relief, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law … are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Plaintiff argues that it has satisfied all four factors (Dkt. No. 24 at 13–16), and the Court agrees. First, Plaintiff has suffered irreparable harm in the form of copyright infringement, and this harm is ongoing because Anton continues to infringe despite repeated requests to stop. Dkt. No. 1 ¶¶ 51–73. Second, monetary damages are inadequate to compensate Plaintiff's injuries. *Id*. ¶¶ 69–73. Third, requiring Anton to cease his unlawful conduct is not a legitimate hardship. Last, the public has an interest in protecting copyright holders against infringement.

Accordingly, the Court will enjoin Anton's future infringement, and will also grant Plaintiff's request to require the registries and registrars of Anton's websites to transfer his domains used for infringement to Plaintiff. A transfer of this kind will stop Anton from distributing infringing content to the public and has been ordered in similar cases. *See, e.g.*, *Aylo Premium*, 2025 WL 3677487, at *2.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 9

## II.    CONCLUSION

For these reasons, the Court GRANTS Plaintiff's motion for default judgment.  Dkt. No. 24.

Dated this 23rd day of January, 2026.

_____
Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 10